IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT LEE SINGLETON,** : | |
| **Plaintiff** : | |
| : | Civil Action No. 1:07-cv-2068 |
| v. : | (Chief Judge Kane) |
| : | |
| **LIEUTENANT PATRICK RUMBAUGH,** : | |
| **OFFICER ROBERT SLICK, and** : | |
| **WARDEN DEBORAH A. HANKEY,** : | |
| **Defendants** : | |

## MEMORANDUM

Before the Court is Defendants Lieutenant Patrick Rumbaugh, Officer Robert Slick, and Warden Deborah A. Hankey's motion for summary judgment (Doc. No. 18) and brief in support (Doc. No. 19). Although the Court ordered the Plaintiff to show cause why the motion for summary judgment should not be deemed unopposed (Doc. No. 21), Plaintiff has still made no response, and it is now four months after the initial motion was filed. For the reasons that follow, the Court grants Defendants' motion.

**BACKGROUND**

On March 4, 2007, Robert Lee Singleton, Plaintiff, was transported to the Adams County Adult Correctional Complex ("ACACC") for booking. (Doc. No. 19 ¶ 1.) Defendant Rumbaugh, among others, at the ACACC was warned that Singleton was possibly combative. (Id.) However, before attempting to remove Plaintiff from the vehicle, Defendant Rumbaugh spoke with him and determined that he would be cooperative. (Id. ¶ 2.) When escorted to booking, however, rather than cooperate, Plaintiff began verbally assaulting the officers, particularly Officer Slick. (Id. ¶ 4.) Officers Cole and Slick attempted to walk Plaintiff into the intake area by using an "escort hold;" the verbal assault continued. (Id. ¶¶ 8-11.) Although handcuffed at the time,

1

Plaintiff physically resisted and attempted to free himself from the officers' hold by kicking and throwing his weight in different directions in an aggressive manner. (Id. ¶¶ 15, 17.) Defendant Slick ordered that Plaintiff be "taken to the ground" so that he could be secured, at which point he was placed on his stomach on the ground while Officers Cole, Slick, and Colbert attempted to control him. (Id. ¶¶ 18-21.) While on the ground, Plaintiff sustained facial lacerations. (Id. ¶ 31.) Once controlled, Plaintiff was placed in a restraint chair and Defendant Slick secured Plaintiff's right wrist in the chair. (Id. ¶¶ 22-24.) Later that day, a "planned use of force" was made to remove Plaintiff from the restraint chair. (Id. ¶ 32.) Defendant Slick, however, did not participate in this action due to the obvious animosity Plaintiff Singleton had for Defendant Slick. Due to his high level of resistance, Plaintiff was charged with resisting arrest. (Id. Ex. H.) He pleaded guilty to this charge. (Id. Ex. I.)

Plaintiff then filed this claim alleging that the events which occurred on March 4, 2007 violated his Eighth Amendment right and that Defendants Officer Robert Slick, Lieutenant Patrick Rumbaugh, Warden Deborah Hankey, and ACACC were responsible. This Court dismissed ACACC as an improper defendant in its January 10, 2008 order, however, it ruled that Plaintiff stated a proper claim against Defendants Slick, Rumbaugh, and Hankey, despite the fact Rumbauh and Hankey were not even alleged to have participated in the force against Plaintiff. (Doc. No. 8.)

**STANDARD**

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c).  A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate.  Celotex, 477 U.S. at 322.

With respect to the sufficiency of the evidence that the nonmoving party must provide, a court should grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, or speculative.  Anderson, 477 U.S. at 249-50.  There must be more than a scintilla

of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rule 56(e) further provides, as pertinent to this case where the opposing party has made no showing aside from the pleadings:

> an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set our specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

**DISCUSSION**

Plaintiff's claim was interpreted by this Court as a § 1983 claim against the state officers involved for violation of his Eighth Amendment right to be free from cruel and unusual punishment. As the Third Circuit stated in Brooks v. Kyler, "the Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified. In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" 204 F.3d 102, 106 (3d Cir. 2000) (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992). The factors to be used in determining whether a Plaintiff has set out an Eighth Amendment claim are: 1) the need for the force, 2) the relationship between the force used and the need for the force, 3) the extent of the injury, 4) the extent of the threat posed to others by the plaintiff and 4) efforts made to mitigate the amount of force used. Id.

Because Plaintiff has failed to support the assertions in his complaint with factual allegations even after a significant extension of time and a show cause order informing Plaintiff

that the motion for summary judgment would be deemed unopposed, Defendants' depositions, affidavits, and other evidence are uncontroverted. Defendants have provided deposition testimony and court records to demonstrate that the force used to "take Plaintiff to the ground" was necessary because Plaintiff attempted to escape from the custody of the officers and resisted arrest as he was being taken to ACACC. The force used in taking Plaintiff to the ground was directly related to the need to maintain control and to prevent his escape.

No evidence indicates that Plaintiff was kicked or that the force used was more than necessary to prevent Plaintiff's escape. There is no evidence to support a broken rib, or a more severe injury than cuts to Plaintiff's face. While more than *di minimus*, the severity of the injury, facial lacerations, was outweighed by the urgent need to maintain control over Plaintiff . An escape would have posed a threat to the officers immediately involved, those in the surrounding area, and possibly to other inmates. There is no indication that Defendants acted unreasonably or in bad faith or that the threat was less than they perceived. The use of force is further shown to be justified because Plaintiff continued to resist arrest even when "taken to the ground," and when placed in the restraint chair. Efforts to minimize the force used and the injury to Plaintiff can even be demonstrated by the choice, at the soonest reasonable opportunity, to relieve Officer Slick of contact with Plaintiff, since Plaintiff appeared to direct most of his aggression toward Officer Slick.

Simply put, there is no evidence on the record to support a claim or to create a question of fact that any deliberate harm was done to Plaintiff, or that the harm incurred by Plaintiff was anything other than incidental to the officers' need to prevent Plaintiff's escape. Therefore, the Court finds that the use of force was justified by Plaintiff's resistance to arrest and was applied

in a good-faith effort to control Plaintiff and to prevent harm to the officers.

**CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion for summary judgment. All claims are dismissed pursuant to the order accompanying this memorandum.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT LEE SINGLETON,** : | |
| **Plaintiff** : | |
| : | **Civil Action No. 1:07-cv-2068** |
| v. : | **(Chief Judge Kane)** |
| : | |
| **LIEUTENANT PATRICK RUMBAUGH,** : | |
| **OFFICEER ROBERT SLICK, and** : | |
| **WARDEN DEBORAH A. HANKEY,** : | |
| **Defendants** : | |

## **ORDER**

**AND NOW** on this 29th day of January 2009, upon consideration of the motion for summary judgment filed by Defendants Lieutenant Patrick Rumbaugh, Officer Robert Slick, and Warden Deborah A. Hankey (Doc. No. 18), **IT IS HEREBY ORDERED** that the motion is **granted**. Judgment is entered in favor of Defendants and against Plaintiff. All claims are dismissed. The Clerk of Court is directed to close the case.

/s Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania